UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RODNEY JOHNSON,

          Petitioner,

    v.

STEPHEN D'ILIO, et al.,

          Respondents.

Civil Action No. 15-2640 (JLL)

**MEMORANDUM ORDER**

The Court having reviewed Petitioner's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 3), and it appearing that:

1. On or about April 13, 2015, Petitioner filed his petition for a writ of habeas corpus pursuant to § 2254. (ECF No. 1).

2. On April 20, 2015, this Court administratively terminated the petition for failure to file on the correct form. (ECF No. 2).

3. On or about May 20, 2015, Petitioner refiled his petition on the correct form and certified that he understood that he must present all of his claims in this amended petition as his single, all inclusive habeas petition. (ECF No. 3, 4).

4. This Court is required to preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under the Rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

5. Pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases, a petition must

"specify all the grounds for relief available to the petitioner[,] state the facts supporting each ground[,] . . . [and] be printed, typewritten, or legibly handwritten." Petitions which provide no more than "vague and conclusory grounds for habeas relief are subject to summary dismissal" under the rule. *Anderson v. Pennsylvania Attorney General*, 82 F. App'x 745, 749 (3d Cir. 2003); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988).

6. Petitioner presents the following four claims for relief in his petition: that the state courts erred in affirming the trial court's decision to exclude the public during jury selection and that his right to a public trial under the Sixth and Fourteenth Amendments was therefore violated; that he received ineffective assistance of trial counsel in so much as trial counsel failed to object to the closure of the court room during jury selection, failed to review discovery with Petitioner, failed to consult with Petitioner, and failed to use an investigator or otherwise adequately investigate Petitioner's case; that Petitioner received ineffective assistance of PCR counsel, and that "the state [appellate] court erred when it affirmed the petitioner's conviction on direct appeal." (ECF No. 3 at 19-20).

7. Petitioner's claim asserting ineffective assistance of trial counsel is not cognizable in a 2254 petition. The statute "explicitly excludes from the scope of federal habeas relief a claim based upon ineffective assistance of PCR counsel." *Jenkins v. Bartkowski*, Civil Action No. 10-4972, 2014 WL 2602177, at *16 (D.N.J. June 11, 2014); *see also* 28 U.S.C. § 2254(i); *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991) ("[t]here is no constitutional right to an attorney in state post-conviction proceedings"); *Taylor v. Horn*, 504 F.3d 416, 437 n. 17 (3d Cir. 2007). Petitioner's ground three asserting a claim for ineffective assistance of PCR counsel must therefore

be dismissed.

8. As to Petitioner's fourth ground, that the New Jersey Appellate Division erred in affirming his conviction, Petitioner provides only the following assertion as supporting facts: "[t]he New Jersey Superior Court, Appellate Division, and Supreme Court err[ed] when [they] affirmed [his conviction] and denied his [] petition for certification. The grounds raised were meritorious and highlighted the various violations of the petitioner[']s Federal Constitutional rights." (ECF No. 3 at 20). Other than Petitioner's first two grounds, asserting violations of the Sixth Amendment right to a public trial and to effective assistance of counsel, Petitioner does not specify which of the numerous grounds raised in Petitioner's direct appeal was denied in error, nor how any such decision was erroneous.

9. To the extent that Petitioner's ground four simply reiterates his first two claims and asserts that the state courts acted in error in denying Petitioner's public trial and ineffective assistance of counsel claims, those claims are duplicative of Petitioner's grounds one and two and should be dismissed as such. To the extent that Petitioner instead wishes to assert additional claims of error by the state courts, Petitioner has provided no more than a vague and conclusory assertion of his entitlement to relief, and any such claim should therefore be summarily dismissed for failing to meet the requirements of Rule 2 of the Rules Governing Section 2254 Cases. *Anderson*, 82 F. App'x at 749; *Thomas*, 221 F.3d at 437; *Dawson*, 857 F.2d at 928.

10. This Court has screened Petitioner's remaining claims pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and finds that it does not "plainly appear[] from the petition and any attached exhibits that the petitioner is not entitled to relief" as to Petitioner's grounds one and two.

3

IT IS THEREFORE on this ___18th___ day of ~~June~~ Aug, 2015,

ORDERED that the Clerk of the Court shall RE-OPEN this case; and it is further

ORDERED that Petitioner's grounds three and four shall be dismissed; and it is further

ORDERED that the Clerk of the Court shall serve a copy of the Petition and this Order upon Respondents Stephen D'ilio and the Attorney General of the State of New Jersey by regular mail, with all costs of service advanced by the United States; and it is further

ORDERED that Respondents shall file a full and complete answer to Petitioner's grounds one and two as asserted in Petitioner's amended habeas petition (ECF No. 3) within 45 days of the entry of this Order, see *Ukawabutu v. Morton*, 997 F. Supp. 605 (D.N.J. 1998); and it is further

ORDERED that Respondents' answer shall respond to the factual and legal allegations of the Petition by each paragraph and subparagraph, see Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"); and it is further

ORDERED that Respondents shall raise by way of answer any appropriate defenses which they wish to have the Court consider, including, but not limited to, exhaustion and timeliness, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondents' answer or at the earliest practicable moment thereafter will be deemed waived; and it is further

ORDERED that Respondents' answer shall adhere to the requirements of Habeas Rule 5 in providing the relevant state court record of proceedings, in particular, the answer "shall indicate what transcripts (of pretrial, trial, sentencing, and post-conviction proceedings) are available, when they can be furnished, and also what proceedings have been recorded and not transcribed. There

shall also be attached to the answer such portions of the transcripts as the answering party deems relevant. The court on its own motion or upon request of the petitioner may order that further portions of the existing transcripts be furnished or that certain portions of the non-transcribed proceedings be transcribed and furnished. If a transcript is neither available nor procurable, a narrative summary of the evidence may be submitted. If the petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the petitioner's brief on appeal and of the opinion of the appellate court, if any, shall also be filed by respondent with the answer." Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts; and it is further

ORDERED that Respondents' answer shall address the merits of each claim raised in the Petition as to whether the Petitioner has made a substantial showing of the denial of a constitutional right; and it is further

ORDERED that the answer shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the answer; and it is further

ORDERED that Respondents shall electronically file the answer, the exhibits, and the list of exhibits; and it is further

**ORDERED that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:**

"**Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX**" or

"**Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY**";
and it is further

ORDERED that Petitioner may file and serve a reply to the answer within 30 days after Respondents file the answer, see Rule 5(e) of the Rules Governing § 2254 Cases; and it is further

**ORDERED that, within 7 days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court**; and it is further

ORDERED that the Clerk of the Court shall serve this Order on Petitioner by regular mail.

_____
Hon. Jose L. Linares,
United States District Judge